UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: SAFINA N. MBAZIRA, | * |
| | * |
| Debtor. | * |
| ************************************ | |
| SAFINA N. MBAZIRA, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | *   Civil Action No. 15-cv-11682-IT |
| | * |
| OCWEN LOAN SERVICING, LLC, | * |
| | * |
| Defendant-Appellant. | * |
| ************************************ | |
| SAFINA N. MBAZIRA, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| U.S. BANK NA, AS TRUSTEE OF THE | *   Civil Action No. 15-cv-11683-IT |
| J.P. MORGAN MORTGAGE | * |
| ACQUISITION CORP. 2005-FRE1 ASSET | * |
| BACKED PASS-THROUGH | * |
| CERTIFICATES, SERIES 2005-FRE1 | * |
| | * |
| Defendant-Appellant. | * |
| ************************************ | |

MEMORANDUM & ORDER

March 28, 2016

TALWANI, D.J.

Appellant U.S. Bank N.A., as Trustee of the J.P. Mortgage Acquisition Corp. 2005-FRE1
Asset Backed Pass-Through Certificates, Series 2005-FRE1, appeals the Bankruptcy Court's
denial of a motion to dismiss and a motion for certification of state law question to the
Massachusetts Supreme Judicial Court ("SJC") and granting of summary judgment in favor of

Appellee Safina Mbazira.  Ocwen Loan Servicing, LP, joins this appeal, and both appellants seek certification of state law questions to the SJC.  For the reasons set forth below, the court finds certification of state law questions unwarranted and that Appellee is entitled, under 11 U.S.C. § 544(a)(3), to avoid the mortgage at issue here, where the grantor's name was omitted from the certificate of acknowledgment annexed to the mortgage, even though the mortgage was listed on the registered certificate of title.  Accordingly, the motion requesting certification of questions to the SJC is DENIED and the orders and judgment of the Bankruptcy Court are AFFIRMED.

    I.      Background

Appellee Safina Mbazira ("Mbazira") filed a Chapter 11 petition in the Bankruptcy Court for the District of Massachusetts.  In an adversary proceeding, Mbazira stated that she is the owner of real property in Waltham, Massachusetts ("Property") and that a first mortgage ("First Mortgage") was given to Fremont Investment & Loan ("Fremont") in connection with the financing of the purchase.[1]  Mbazira asserted that the certificate of acknowledgement affixed to the First Mortgage ("Certificate of Acknowledgment") did not include the name of any person who appeared before the notary to acknowledge the signing of the mortgage.  Mbazira asserted further that although the First Mortgage was recorded on the certificate of title for the Property ("Certificate of Title"), it should not have been, and that under Massachusetts law, the First Mortgage is invalid as a security interest.  Mbazira claimed further that U.S. Bank, who claimed assignment of the mortgage from Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Fremont, was therefore wholly unsecured.

U.S. Bank moved to dismiss Mbazira's complaint.  In the Bankruptcy Court, U.S. Bank

---

[1] Mbazira alleged that a Second Mortgage was also given to Fremont.  That Second Mortgage is not relevant to this appeal.

did not dispute that the Certificate of Acknowledgment attached to the First Mortgage was defective.  Instead, it argued that because Mbazira's mortgage affected registered land, a certificate of acknowledgment was not needed, and because the First Mortgage was listed on the Certificate of Title, third parties would have constructive notice.

The Bankruptcy Court denied U.S. Bank's motion to dismiss and to certify state law question to the SJC.  See In re Mbazira ("Mbazira I"), 518 B.R. 11 (Bankr. D. Mass. 2014).   The Bankruptcy Court noted that the Certificate of Acknowledgment was defective, and that U.S. Bank had not argued otherwise.  The Bankruptcy Court concluded that, as a result of the defective Certificate of Acknowledgement, neither the First Mortgage itself, nor its registration, nor the notation of the First Mortgage on the Certificate of Title rendered Mbazira's First Mortgage capable of providing notice of the mortgage.

Based on this decision, Mbazira filed a motion for judgment on the pleadings.  After U.S. Bank objected to Mbazira including documents that were not attached to or referenced in her complaint, the Bankruptcy Court converted the motion to one for summary judgment under Rule 56, and both parties supplemented their papers.  The Bankruptcy Court further directed U.S. Bank to indicate whether it sought judgment as a matter of law and U.S. Bank responded by filing a request for judgment as a matter of law.  Again, U.S. Bank did not dispute that the Certificate of Acknowledgement was defective.  Instead, U.S. Bank reiterated its previous arguments and also contended that various additional notations on the Certificate of Title would prompt further inquiry leading to the discovery of the First Mortgage.[2]

---

[2] The Certificate of Title for the Property notes an Assignment of Deed of Trust, with a recorded date of July 23, 2008.   The Assignment of Deed of Trust states that it is between MERS and U.S. Bank, and lists Mbazira as the borrower, July 25, 2005 as the date the Deed of Trust was executed, July 26, 2005 as the date it was recorded, the instrument number for the Deed of Trust (which is the instrument number of the First Mortgage), the certification number for the

3

The Bankruptcy Court granted Mbazira's motion for summary judgment, reiterating that the omission of the mortgagor's name in the Certificate of Acknowledgment attached to the First Mortgage was a material defect and that a hypothetical bona fide purchaser would not have constructive notice of the First Mortgage. See In re Mbazira ("Mbazira II"), No. 13-16586-WCH, 2015 WL 1543908, at *6-10 (Bankr. D. Mass. Mar. 31, 2015). The Bankruptcy Court also rejected U.S. Bank's further argument that the notations on the Certificate of Title would require inquiry leading to the discovery of the First Mortgage. Id. at *8-10.

U.S. Bank and Ocwen separately and timely appealed to this court, and the appeals were consolidated. U.S. Bank and Mbazira then notified the court that they both intended to ask the court to certify questions to the SJC and would jointly propose questions to certify if possible. See Joint Status Report and Request for Briefing Schedule to File Mot. Certify Questions 3 [#19]. Thereafter, U.S. Bank filed a Motion for Certification of State Law Questions to the Massachusetts Supreme Judicial Court [#21] which Mbazira opposed. On review of the parties' submission, the court determined that the parties disputed whether the questions needed certification at all and not simply the wording of proposed questions. See Order [#29]. Accordingly, the court notified the parties it would consider the motion to certify questions at the same time as the underlying appeal and directed the parties to complete their briefing of the appeal. The court further advised the parties that they need not reiterate any arguments in their merits briefs that were discussed in relation to the motion to certify. U.S. Bank filed its

---

Certificate of Title, and $528,000 as the loan amount.

The Certificate of Title for the Property also notes an "Order of Notice" from the Land Court, with a recorded date of October 4, 2013. The Order of Notice states that U.S. Bank claimed to have an interest in a mortgage given by Mbazira to Fremont through MERS dated July 25, 2005, recorded with the Middlesex South Registry District of the Land Court and noted on the Certificate of Title for the Property, and gives notice of the benefits of the Servicemembers Civil Relief Act.

Appellant's brief, in which Ocwen joined.  Mbazira has not filed an additional brief.

    II.       Discussion

        A.       Standard of Review

This court reviews the Bankruptcy Court's findings of facts for clear error and conclusions of law *de novo*.  Davis v. Cox, 356 F.3d 76, 82 (1st Cir. 2004).

        B.       Statutory Framework under Bankruptcy Law

Mbazira's claim for avoidance of the First Mortgage is based on 11 U.S.C. §§ 544(a) and 1107(a).  Under the latter, subject to certain limitations not at issue here, "a debtor in possession shall have all the rights, other than the right to compensation . . . , and powers, and shall perform all of the functions and duties . . . of a [bankruptcy] trustee . . . ."  Section 544(a) provides the rights of the bankruptcy trustee that are at issue here, namely, that

> [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> . . .
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).  Under this provision, a trustee in a bankruptcy action is thus vested with the rights of a hypothetical bona fide purchaser of real property and is empowered to avoid a transfer of property by the debtor to the extent that the transfer is voidable by such purchaser under state law.

        C.       Issues Presented on Appeal

            1.    Is the Omission of Mbazira's Name from the Certificate of Acknowledgment a Defect?

U.S. Bank first contends that the Bankruptcy Court erred in determining that the omission

5

of Mbazira's name from the Certificate of Acknowledgment annexed to the First Mortgage is a defect. U.S. Bank asserts that because the first page of the First Mortgage identifies "Safina N. Mbazira" as the "Borrower," the bottom of each unsigned page of the mortgage (including the Certificate of Acknowledgment page) includes the hand-written initials "S.N.M.," and the page immediately preceding the Certificate of Acknowledgment includes Mbazira's signature, the Certificate of Acknowledgment is "materially complete." See Appellant's Br. 16. Specifically, U.S. Bank contends that these items demonstrate that the Certificate of Acknowledgment "is part of an integrated document that appropriately identifies who signed the mortgage." Id.

This argument was not raised in the Bankruptcy Court below, even after the Bankruptcy Court noted in its first order that U.S. Bank did not dispute that the Certificate of Acknowledgement was defective. See Mbazira I, 518 B.R. at 15-16; Mbazira II, 2015 WL 1543908, at * 4. The failure to raise this argument below operates as waiver on appeal. See In re Net-Velazquez, 625 F.3d 34, 40 (1st Cir. 2010); J.R. Insulation Sales & Servs., Inc. v. Puerto Rico Elec. Power Auth., 482 B.R. 47, 50 (D.P.R. 2012) ("the rules regarding preservation of issues on appeal in bankruptcy cases apply with equal force regardless of whether the appeal is from the bankruptcy court to the district court").

Even if it was not waived, the argument has no merit. The Certificate of Acknowledgement, signed by a Notary Public, states that:

> On this 25th day of July [blank], before me, the undersigned notary public, personally appeared
>
>    [blank]
>
> proved to me through satisfactory evidence of identification, which was/were licenses, to be the person(s) who name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

Without a name in the second blank, the Certificate of Acknowledgement, with or without

initials on the bottom, makes no representation that any person: (1) "personally appeared" before the notary, (2) "proved [to the Notary] through satisfactory evidence of identification . . . to be the person whose name was signed" on the First Mortgage, and (3) "acknowledged [to the Notary] that [such person] signed [the First Mortgage] voluntarily for its stated purpose." The absence of a name on the form renders the Certificate of Acknowledgement entirely meaningless, and clearly defective.

2. <u>Is the Defect Material?</u>

U.S. Bank contends that, even if the omission of Mbazira's name from the Certificate of Acknowledgment is a defect, the defect is not material. U.S. Bank argues that an instrument need only be acknowledged *by the grantor* and that a certificate of acknowledgment *by a notary* is merely rebuttable evidence that the instrument was so acknowledged. U.S. Bank asserts that "it is not disputed by the Debtor that [Mbazira] actually acknowledged the Mortgage" and concludes that if the Bankruptcy Court found the Certificate of Acknowledgement to be ambiguous, that court should have then sought to determine whether the mortgage was, in fact, acknowledged. Appellant's Br. at 14, 18. Not only was this argument not made below,[3] but it fundamentally misunderstands the question before the Bankruptcy Court and this court on appeal. The issue before the court is <u>not</u>, as U.S. Bank's suggests, whether there was a defect that would allow Mbazira to bring a state law claim in diversity, in her role as the mortgagor, to void the mortgage. See Appellant's Br. at 32-33. Rather, the question here is whether there was a defect that, under state law would allow a bona fide purchaser of real property, "whether or not such a purchaser exists," to "avoid any transfer of property of [Mbazira] or any obligation

---

[3] U.S. Bank's contention that the Bankruptcy Court should have weighed the evidence to determine whether the First Mortgage was actually acknowledged was further waived by U.S. Bank's request for judgment as a matter of law.

7

incurred by [Mbazira]." 11 U.S.C. § 544(a)(3). If so, the transfer would be avoided under 11 U.S.C. § 544(a)(3). A brief review of the relevant state law governing alienation of land demonstrates why, as to the hypothetical bona fide purchaser central to the 11 U.S.C. § 544(a)(3) analysis, the defect is material.

As U.S. Bank correctly states, "Massachusetts law provides that a conveyance of an estate in land, such as a mortgage, is not valid against any person unless the transfer is recorded or unless that person has 'actual notice' of the unrecorded conveyance." Appellant's Br. at 11; see also Mass. Gen. Laws. ch. 183, § 4 (the conveyance is not effective as to third parties without actual notice, unless it "is recorded in the registry of deeds for the county or district in which the land to which it relates lies"). Mass. Gen. Laws ch. 183, § 29, in turn, provides that "[n]o deed [other than a conveyance from the United States] shall be recorded unless a certificate of its acknowledgement or of the proof of its due execution, made [as specified by statute], is endorsed upon or annexed to it, and such certificate shall be recorded . . . with the deed to which it relates . . . ." An "acknowledgement" is a "formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was his free act and deed." McOuatt v. McOuatt, 69 N.E.2d 806, 810 (Mass. 1946). Though no particular words are required for the grantor's acknowledgment, the words must "amount to an admission that [the grantor] has voluntarily and freely executed the instrument." McOuatt v. McOuatt, 69 N.E.2d 806, 810 (Mass. 1946). Mass. Gen. Laws ch. 183, § 30 thus requires that "[t]he acknowledgement . . . shall be by one or more of the grantors or by the attorney executing it" and may be made before a notary public, who "shall endorse upon or annex to the instrument a certificate thereof." SJC precedent requires that the acknowledgement "recit[e] that the grantor appeared before the officer making the certificate and made such acknowledgment . . . ."

McOuatt, 69 N.E.2d at 810 (citing Mass. Gen. Laws ch. 183, § 29).

U.S. Bank's argument that an acknowledgement by the grantor and a certificate of acknowledgment by the notary are distinct acts is accurate, and the grantor's acknowledgement may well be conclusive as to direct state law claims raised by the grantor.  However, as to third parties without actual notice of the conveyance—i.e. bona fide purchasers—U.S. Bank's contention that a complete certificate of acknowledgment is not a necessary prerequisite for a document to be recorded so that it can provide them with notice is mistaken.  See McOuatt, 69 N.E.2d at 809 ("[I]f it is desired to record the deed in order to charge the world with notice of the conveyance, then it is *necessary* that the deed be acknowledged *and that a certificate reciting this fact* be attached to the deed.") (emphasis added).  Notably, the cases cited by U.S. Bank for the proposition that the contents of a certificate of acknowledgment can be rebutted involved facially complete certificates of acknowledgment that were subsequently refuted by arguing that the grantor had not actually acknowledged the instrument.  See, e.g., Allen v. Allen, 16 N.E.3d 1078, 1084 (Mass. App. Ct. 2014) ("Here, as in McOuatt, the deed included a facially correct certificate of acknowledgment, with the required signature and recitals, and was recorded.  Also, as in McOuatt, the judge here concluded that the acknowledgment never actually occurred.").  Here, by contrast, the certificate of acknowledgment is facially incomplete because it fails to state that Mbazira came before the notary and acknowledged the instrument as her free act and deed.  As a result, the First Mortgage does not satisfy the "necessary prerequisites" for registration and should not have been registered.  McOuatt, 69 N.E.2d at 809.

> 3. Does the Assistant Recorder's Acceptance of the First Mortgage Despite the Defective Certificate of Acknowledgement or the Inclusion of the First Mortgage on the Certificate of Title Provide Constructive Notice of the First Mortgage Such that a Bona Fide Purchaser Could Not Void the Mortgage?

The SJC has long held that only the proper recording of an instrument—that is, the

page

recording of an instrument that is entitled to be recorded—operates as notice of the instrument to a third party.  Specifically, in Graves v. Graves, 72 Mass. 391, 392-93 (1856), the SJC held that recording an instrument that is not acknowledged but is "improvidently admitted to registration . . . does not operate as constructive notice of the execution" of the instrument.  Id.  Similarly, in Dole v. Thurlow, 53 Mass. 157 (1846), the SJC stated that to give the deed in that case full effect "as against purchasers and creditors of the grantor, recording was necessary; and as a prerequisite to recording, acknowledgment or proof by one or more subscribing witnesses was necessary.  *Actual recording, without one of these prerequisites, would not give effect to the deed*."  Id. at 163 (emphasis added).  Thus, while recording is necessary to provide notice of an instrument to third parties, recording an instrument with a defective acknowledgment does not provide such notice.

U.S. Bank's assertion that a different rule applies to registered land is unavailing.  Specifically, U.S. Bank argues that acts other than proper recording of an instrument may provide notice to third parties of that instrument when the instrument affects registered land.  When land goes through an adjudication process in order to quiet title, and the Land Court, after hearing, finds that the plaintiff has title proper for registration, "a judgment of confirmation and registration shall be entered, which shall bind the land and quiet the title thereto. . . ."  Mass. Gen. Laws ch. 185, § 45.  Once a judgment of registration has been entered by the Land Court, a copy of the judgment is sent to the register of deeds for the district where the land lies.  Mass. Gen. Laws ch. 185, § 48.  The judgment is then transcribed in a registration book, resulting in an "original certificate of title."  Id.   Accordingly, if the conveyance at issue here had occurred prior to the adjudication and issuance of the original certificate of title, U.S. Bank's contention that its inclusion in the Certificate of Title operates as notice would be valid.

10

After an original certificate of title has issued, however, a mortgage affecting registered land may be registered without a new adjudication by the Land Court; instead, the assistant recorder enters "upon the certificate of title a memorandum of the purport of the mortgage deed . . . ." Mass. Gen. Laws ch. 185, § 68. Mass. Gen. Laws ch. 185, § 58, sets forth the import of that memorandum:

> Every conveyance, lien, attachment, order, decree, instrument or entry affecting registered land, which would under other provisions of law, if recorded, filed or entered in the registry of deeds, affect the land to which it relates, shall, if registered, filed or entered in the office of the assistant recorder of the district where the land to which such instrument relates lies, be notice to all persons from the time of such registering, filing or entering.

In other words, just as the recording with the register of deeds of a mortgage on unregistered land that is properly acknowledged under Mass. Gen. Laws ch. 183, § 29 provides notice of the mortgage to a bona fide purchaser, the registration with the assistant recorder of the district in which registered land lies of a mortgage on such registered land that is properly acknowledged under Mass. Gen. Laws ch. 183, § 29 provides notice to third parties. Thus, to be effective against third parties, a mortgage on registered land must be properly acknowledged under Mass. Gen. Laws ch. 183, § 29.

U.S. Bank argues, however, that the listing of a mortgage on the certificate of title of registered land provides constructive notice of that mortgage to third parties, even if the certificate of acknowledgement attached to the underlying mortgage is defective. Specifically, U.S. Bank argues that Mass. Gen. Laws ch. 185, § 46, which provides that a "purchaser of registered land taking a certificate of title for value and good faith, shall hold the same free from all encumbrances except those noted on the certificate," means that notation of an instrument in a certificate of title operates as notice of that instrument, whether or not the instrument itself contains a defective certificate of acknowledgment. But just as recording an instrument with a

11

defective acknowledgment does not make that mortgage valid as to a bona fide purchaser without actual notice, a notation on the certificate of title of an instrument with a defective acknowledgement also does not make that mortgage valid as to a bona fide purchaser without actual notice.  See Bevilacqua v. Rodriguez, 955 N.E.2d 884, 892 (Mass. 2011) ("[T]here is nothing magical in the act of recording an instrument with the registry that invests an otherwise meaningless document with legal effect.").

U.S. Bank's argument to the contrary conflates the finality of an original certificate of title, entered after an adjudication by the Land Court, and the notation by the assistant recorder on the certificate of title of a subsequently registered instrument.  U.S. Bank asserts that Mass. Gen. Laws ch. 185, § 54, provides that "'[c]ertificates of title are "conclusive as to all matters contained therein," except as otherwise provided in the statute.'"  Appellant's Br. 27 (purporting to quote Mass. Gen. Laws ch. 185, § 54).  In fact, the statute states that "[t]he *original certificate* in the registration book and any copy thereof duly certified under the signature of the recorder or an assistant recorder and the seal of the court . . . shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter." Mass. Gen. Laws ch. 185, § 54 (emphasis added).  In other words, the original certificate reflecting the adjudication of the Land Court is conclusive as to the matters contained therein, but subsequent notations entered by the recorder are not conclusive.  Indeed, Mass. Gen. Laws ch. 185, § 114, specifically provides that a person in interest may seek the cancellation of a memorandum upon a certificate of title on the ground that an error or omission was made in the memorandum, and that while the Land Court may not open the original judgment of registration under this section, it may order such cancellation of the memorandum.

As noted above, 11 U.S.C. §§ 544(a)(3) and 1107(a) vest a debtor in possession in a

bankruptcy action with the rights of a hypothetical bona fide purchaser of real property and empower the debtor in possession to avoid a transfer of property from the debtor to the extent that transfer is voidable by a bona fide purchaser.  Because under state law a hypothetical bona fide purchaser would not have constructive knowledge of the First Mortgage and could obtain a cancellation of the memorandum on the Certificate of Title, that hypothetical purchaser could avoid the First Mortgage, and accordingly, the bankruptcy trustee and the debtor standing in the shoes of such trustee may also avoid the First Mortgage.

    4.   <u>Does the Inclusion of the First Mortgage on the Certificate of Title or the Reference to the First Mortgage in other Instruments Operate as Inquiry Notice of the Mortgage?</u>

U.S. Bank contends finally that even if registration of the First Mortgage and inclusion of the First Mortgage on the Certificate of Title fail to operate as constructive notice of First Mortgage to a bona fide purchaser, the notation of the First Mortgage on the Certificate of Title and reference to the First Mortgage in other documents that were properly registered otherwise put a hypothetical bona fide purchaser on inquiry notice of the First Mortgage.  Again, this argument lacks merit.

Inquiry notice is a corollary of both actual and constructive notice that "follows from the duty of a purchaser, when he has actual or constructive knowledge of facts that would lead a prudent person to suspect that another person might have an interest in the property, to conduct further investigation into the facts."  <u>In re Ryan</u>, 851 F.2d 502, 507 (1st Cir. 1988).  Inquiry notice is not a substitute for or equivalent of constructive notice.  <u>Id.</u> at 511.  Thus, for the purposes of an avoidance action under 11 U.S.C. § 544, inquiry notice of facts regarding a transfer of real property does not defeat a bona fide purchaser's ability to avoid that transfer, unless, as a result of such inquiry notice, the hypothetical bona fide purchaser would obtain constructive notice of the transfer.  See <u>In re Mammola</u>, 474 B.R. 23, 31 (Bankr. D. Mass. 2012);

In re Coletta Bros. of North Quincy, 172 B.R. 159, 163 (Bankr. D. Mass. 1994).

Here, U.S. Bank argues that the SJC's opinion in Jackson v. Knott, 640 N.E.2d 109 (Mass. 1994) demonstrates that Massachusetts recognizes a form of inquiry notice, and that other registered instruments can put a bona fide purchaser on such notice of an instrument that has been improvidently registered.  In Jackson, the SJC noted that there are two exceptions to the general rule that a transferee of registered land takes the land subject only to encumbrances listed on the certificate of title.  Id. at 113.  Specifically, the SJC held that in limited situations, a transferee might take property subject to an encumbrance (1) for which there are facts described in the certificate of title that would prompt a reasonable purchaser to investigate other documents in the registration system; or (2) of which he has actual knowledge of a prior unregistered interest.  Id.  U.S. Bank suggests that the first exception demonstrates that the SJC accepts that a form of inquiry notice may apply to the registered land system.  U.S. Bank further argues that a bona fide purchaser would be charged with such inquiry notice here because the registered Assignment and Order of Notice name Mbazira as the borrower on the First Mortgage, include the date that the First Mortgage was executed, and reference the instrument number for the First Mortgage.

U.S. Bank's reliance on Jackson is, however, misplaced.  Critically, in Jackson, the contested instrument was not included on the certificate of title.  The court therefore recognized that "[i]f an easement is *not* expressly described on a certificate of title" an owner might nevertheless take the property subject to the easement under one of the two conditions mentioned above.  Id. (emphasis added).  Here, however, the First Mortgage was included in the certificate of title, though, as discussed above, it should not have been.  Thus to the extent Jackson stands for the proposition that a hypothetical bona fide purchaser might be charged with inquiry notice

of an encumbrance not noted on a certificate of title, it does not apply to the situation where, as here, an encumbrance is improperly noted on a certificate of title.

Moreover, even if reference to the First Mortgage in other registered instruments were "facts which would make a prudent person to suspect that another person might have an interest in the property and to conduct a further investigation into the facts"—*i.e.*, facts sufficient to put a bona fide purchaser on inquiry notice—the "further investigation" would merely lead the hypothetical bona fide purchaser to the First Mortgage itself, the registration of which does not operate as constructive notice.  In other words, no amount of inquiry notice could provide a hypothetical bona fide purchaser with the necessary constructive notice of the First Mortgage if it was not properly registered in the first place.  Without constructive notice of the First Mortgage, a hypothetical bona fide purchaser may avoid it, notwithstanding any inquiry notice of facts related to the First Mortgage.

### 5. Certification of State Law Question

The SJC has provided that it may answer questions of law certified to it by the district court when requested if there are state law questions which may be determinative of the pending case and as to which it appears to the certifying court there is no controlling precedent in the decisions of the SJC.  Mass. S.J.C. R. 1:03.  Because this court finds Massachusetts law on the requirements for registered instruments and what is necessary to provide notice of an instrument sufficiently clear to allow this court to predict its course, the <u>Motion for Certification of State Law Questions to the Massachusetts Supreme Judicial Court</u> [#21] is DENIED.

III.     Conclusion

For the foregoing reasons, the judgment of the Bankruptcy Court is AFFIRMED and the case is remanded to the Bankruptcy Court for further proceedings consistent with this Court's ruling.

IT IS SO ORDERED.

Date: March 28, 2016                                                                     /s/ Indira Talwani
                                                                                         United States District Judge